## BRAGG et al. v. BESLER.
### Patent Appeal No. 2928.

Court of Customs and Patent Appeals.
April 4, 1932.

Harry H. Semmes, of Washington, D. C., H. O. Clayton and M. W. McConkey, both of South Bend, Ind. (Semmes & Semmes, of Washington, D. C., of counsel), for appellants.

Lee B. Kemon, of Washington, D. C. (Earl R. Evans, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in an interference proceeding from the decision of the Board of Appeals of the United States Patent Office reversing the decision of the Examiner of Interferences awarding priority of invention to appellants.

The invention relates to a brake mechanism for motor vehicles.

Appellee's application, filed June 18, 1927, matured into patent No. 1,637,177, June 12, 1928.

Appellants' application, No. 163,351, filed January 25, 1927, is a division of application No. 31,281, filed May 19, 1925.

The counts of the interference, copied by appellants from appellee's patent, are as follows:

"1. In brake mechanism for motor vehicles, a system of connected elements which includes an operating lever, an operating rod for manually applying the brakes with a lost motion connection to said lever, a fluid pressure motor for operating the brakes and having an operative connection therewith and a valve for controlling the operation of the motor, said valve being supported upon and movable with the operating rod, and having a direct controlling connection with the operating lever of the brake system so that initial movement of said lever in the direction to apply the brakes will operate the valve to energize the fluid pressure motor.

"2. In brake mechanism for motor vehicles, a system of connected elements which includes an operating lever, an operating rod for manually applying the brakes with a lost motion connection to said lever, a fluid pressure motor for operating the brakes and having an operative connection therewith, a source of fluid pressure lower than atmospheric pressure and a valve for controlling the connection of said fluid pressure motor to said source to apply and release the brakes by power, said valve being supported upon and movable with the operating rod and having a movable member mechanically connected to the operating lever of the brake system so that initial movement of said lever in the direction to apply the brakes will actuate the valve."

Appellee moved to dissolve the interference on the ground that appellants could not make the counts in issue. This motion was overruled by the Law Examiner.

In view of the fact that the date alleged in appellee's preliminary statement for conception of the invention was subsequent to the filing date of appellants, and as appellee had failed to show cause why judgment on the record should not be entered against him, the Examiner of Interferences awarded priority of invention to appellants.

On appeal by appellee, the Board of Appeals held that appellants could not make the counts in issue because they did not disclose in their application a valve "supported upon and movable with the operating rod, and having a direct controlling connection with the operating lever of the brake system," as defined in count 1, nor a valve "supported upon and movable with the operating rod and having a movable member mechanically connected to the operating lever of the brake system," as defined in count 2. In so holding, the Board, among other things, said:

"We believe the sleeve 920 in the application may not be considered either as the rod or a portion of the rod defined in the counts. The latter require a lost motion connection between the operating rod and the lever and there is no lost motion connection between the valve sleeve 920 and the foot pedal 988 in the application. A lost motion connection is provided between the head 926 on the valve sleeve and a shoulder of the valve casing, and this lost motion connection may be said to be between the rod 997 and the pedal but the valve is not supported upon and movable with the rod 997.

"Furthermore, count 1 requires a direct controlling connection between the valve and the operating lever. This connection in Besler comprises the rod 23. It is urged that this requirement of the claim is a functional limitation and does not necessarily require additional structure, and furthermore, that the same structure may be recited twice in a claim if it has two different functions, under the holding in Ex parte Duncan, Prichard & Macauley (1906 C. D. 348). Whether this limitation be considered as one of function or as one of structure it seems to us the claim requires some connection between the valve and the lever other than the indirect connection established between the two through the operating rod and lost motion connection by virtue of the structure previously recited in the count. Count 2 requires a mechanical connection between the valve and operating lever so that initial movement of the lever in the direction to apply the brakes will actuate the valve. This language requires something in addition to the lost motion connection between the operating rod and lever previously set forth in the count which becomes effective during the latter part of the pedal movement.

"It is our view that the counts are clearly and definitely limited to the Besler device and are not readable upon the disclosure in the senior party's application. Any attempt to read them on said disclosure requires the ignoring of some of the limitations of the counts with the result that their meaning is changed from the meaning they have in the Besler patent."

It clearly appears that appellants' valve is connected to the end of an operating rod by means of a link, and to the operating lever by means of a lost motion connection. In appellee's mechanism, which was designed for use as an automobile accessory, the valve has a direct controlling connection with the operating lever, and is mounted upon the operating rod, the latter running through it.

It is contended by counsel for appellants that, if the counts are given the broadest interpretation which they will reasonably support, as is required in cases of this character, they will read on appellants' disclosure.

Although it is unquestionably the law that counts of an interference should be given the broadest interpretation which they will reasonably support, expressly defined limitations should not be ignored. In re Joseph Bijur, 40 F.(2d) 999, 17 C. C. P. A. 1134; Atherton v. Payne, 54 F.(2d) 821, 19 C. C. P. A. ——.

The counts in issue are expressly limited to a valve for controlling the operation of the motor "supported upon and movable with the operating rod." The valve in appellants' structure is connected to the end of an operating rod by means of a link. Accordingly, appellants' valve may be supported by the operating rod, as argued by their counsel, but it certainly is not supported upon it. See Henry P. Field v. Audley Hart Stowe, 49 F.(2d) 840, 18 C. C. P. A. 1437.

Furthermore, as appellants' valve is connected to the operating lever by a lost motion connection, we are of opinion that it does not have a "direct controlling connection" with that lever, as required by count 1.

In view of the fact that the counts in issue contain express limitations, which, in our opinion, are not disclosed in appellants' specification, we must hold that appellants are not entitled to make them.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.